United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SANDOVAL,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPTAIN MANDEL, et al.,<br><br>    Defendants.<br>_____ | No. C 04-1279 MMC (PR)<br><br>**ORDER DISMISSING DEFENDANT MANDEL; DENYING DEFENDANT JORDAN'S MOTION FOR SUMMARY JUDGMENT; DIRECTING PLAINTIFF TO FILE NOTICE OF INTENT TO PROSECUTE**<br><br>**(Docket No. 27)** |

Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants Captain Mandel ("Mandel")[1] and Sergeant Jordan ("Jordan") failed to protect him from an attack by other inmates at Salinas Valley State Prison ("SVSP"). After reviewing the complaint, the Court found the allegations stated a cognizable claim for violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and ordered the complaint served upon Mandel and Jordan. The United States Marshal served Jordan, but in May 2004, returned the summons and complaint for Mandel unserved, SVSP officials having notified the Marshal they have no record of such person at SVSP.

Now before the Court is Jordan's motion for summary judgment. Although given an explanation of a motion for summary judgment, a warning as to the possible consequences of such a motion, and the opportunity to file an opposition, plaintiff has not filed a response.

---

[1] The Court refers to this defendant as Captain "Mandel," the name by which he is identified by plaintiff in the caption of the complaint. Elsewhere in the complaint and attachments thereto, the name is spelled "Mantel" and "Montel."

**BACKGROUND**

In his complaint, plaintiff alleges that on March 15, 2002, his foster brother Gabriel Candia ("Candia") was attacked and stabbed by other inmates. According to the complaint, Candia warned Jordan, Mandel, and four unnamed prison guards that the inmates were going to attack plaintiff as well, and asked them to provide plaintiff with protection. Plaintiff alleges that Jordan and Mandel did not provide him with protection, and that, on June 25, 2002, several inmates stabbed him in the face and throat while he was playing cards in the prison yard. Plaintiff was eventually placed in protective custody.

**DISCUSSION**

A.  Legal Standard

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id.

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson v. Liberty Lobby, 477 U.S. at 248 (holding a fact is material if it might affect the outcome of the suit under governing law, and that a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts

2

showing that there is a genuine issue for trial.'" See Celotex, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if, as to any given fact, evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Where, as here, the plaintiff does not file an opposition to the motion for summary judgment, the Court treats the allegations in the verified complaint as an opposing affidavit to the extent such allegations are based on the plaintiff's personal knowledge and set forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

B.   Analysis

   1.   Defendant Jordan

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent when the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. Id. at 837. The official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. See id.; see also Berg v.

3

1  Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (holding prisoner states Eighth Amendment
2  claim based on prison officials' "deliberate indifference" to threat of serious harm or injury
3  to inmate by another prisoner).

4        Plaintiff alleges in his complaint that, during an interview with Jordan and Mandel,
5  Candia told them that plaintiff needed to be protected from other inmates.  Jordan does not
6  dispute that she did not place plaintiff in protective custody or take any other action to protect
7  him from other inmates.  Rather, she asserts that she never knew plaintiff's safety was in
8  jeopardy.  In particular, Jordan has submitted a declaration in which she states she had no
9  prior warning or information regarding the attack on plaintiff, either from Candia or any
10 other source.  See Jordan Decl. ¶¶ 12, 14.  Jordan also states that Candia could have but
11 failed to avail himself of a number of opportunities to inform staff of a threat to plaintiff.
12 See id. ¶¶ 11-12, 14.  In addition, Jordan has submitted documentation pertaining to Candia's
13 stabbing, including the incident report, Candia's inmate appeal, and the records of Candia's
14 classification hearings that followed the stabbing, see id. Ex. C; Papan Decl. Exs. C and D,
15 none of which contains any indication of a threat to plaintiff.

16       Plaintiff, however, has raised a genuine issue of fact as to whether Jordan knew of the
17 threat to him.  Although plaintiff filed no opposition to the motion, he attached to his
18 complaint a declaration from Candia in which Candia states he told Jordan, in an interview
19 following the March 15, 2002 incident, that as a result of the attack on himself, he believed
20 plaintiff, his foster brother, also would be attacked.  See Complaint Ex. B ¶ 2.  Candia also
21 states that he gave Jordan plaintiff's name, prisoner number and location.  Id. ¶ 3.  Candia's
22 declaration, if true, establishes that Jordan knew of the threat to plaintiff.  The Court, at this
23 stage of the proceedings, must view the evidence in the light most favorable to plaintiff and
24 without making a credibility determination as between the declarations of Candia and Jordan.
25 The disputed fact, moreover, is material; if Jordan knew of, but disregarded, the threat to
26 plaintiff, she could be found to have been deliberately indifferent to his safety in violation of
27 the Eighth Amendment.

28       Jordan further argues there is no genuine issue of material fact as to whether plaintiff

4

1 sustained injuries serious enough to rise to the level of an Eighth Amendment violation.  The
2 circuit courts are not in agreement as to whether a prisoner must prove he suffered more than
3 a de minimis injury in order to prevail on an Eighth Amendment claim.  Compare Brooks v.
4 Kyler, 204 F.3d 102, 108 (3d Cir. 2000) ("[A]bsence of objective proof of non-de minimis
5 injury does not alone warrant dismissal.") and Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir.
6 1993) ("No actual injury needs to be proven to state a viable Eighth Amendment claim.")
7 with Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999) ("[T]o support an Eighth
8 Amendment excessive force claim a prisoner must have suffered from the excessive force a
9 more than de minimis injury.") and Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994)
10 (en banc) (holding plaintiff must show more than de minimis injury).  The Ninth Circuit,
11 although agreeing with the Fifth Circuit that more than de minimis injury is required to
12 support a claim under 42 U.S.C. § 1997(e), has made it clear that it does not subscribe to the
13 reasoning of the Fifth Circuit to the extent that circuit bases such opinion on Eighth
14 Amendment jurisprudence.  See Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (citing
15 Hudson v. McMillan, 503 U.S. 1 (1992)); noting Eighth Amendment standard examines
16 whether use of physical force is more than de minimis) (emphasis in original).  In any event,
17 in the instant case, there is evidence that plaintiff's injuries were sufficiently serious to
18 support an Eighth Amendment claim.  In his complaint, plaintiff alleges under penalty of
19 perjury that he was "stabbed several times in the face and throat."  The medical report with
20 respect to plaintiff's treatment, although stating the wounds he received were not "serious"
21 and did not require stitches, does indicate plaintiff had sustained a "puncture wound" in his
22 neck and a "laceration," albeit "superficial," to his face.  See Complaint Ex. A.  Under such
23 circumstances, a genuine issue of fact exists as to whether plaintiff suffered more than a de
24 minimis injury.

25      Finally, Jordan argues she is entitled to qualified immunity.  Qualified immunity is
26 only available where it would not have been clear to a reasonable defendant, under the facts
27 viewed in the light most favorable to the plaintiff, that his/her conduct violated the plaintiff's
28 constitutional rights.  See Saucier v. Katz, 533 U.S. 194, 201-02 (2001).  ("If the law did not

5

put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate.") Here, the facts, viewed in the light most favorable to plaintiff, are that Jordan, although warned by Candia that other inmates might attack plaintiff, disregarded that warning and did nothing to protect him. Under the authority set forth above, no reasonable official could have believed that disregarding Candia's warning about the threat to plaintiff was lawful. Indeed, Jordan states in her declaration that if she receives any information that an inmate is at risk, "it is [her] job" to isolate and interview the potential victim, investigate the validity of the threat, and, if appropriate, administratively segregate him. See Jordan Decl. ¶ 10. Accordingly, on the current record, Jordan is not entitled to qualified immunity.

    2.    Defendant Mandel

As discussed above, Mandel has not been served in this matter. Plaintiff's complaint has been pending for over 120 days, and is therefore subject to dismissal without prejudice against any unserved defendant, absent a showing of "good cause." See Fed. R. Civ. P. 4(m). In cases such as this, where a plaintiff is proceeding in forma pauperis and relies on service by the United States Marshal, he "may not remain silent and do nothing to effectuate such service." See Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Id. If the Marshal is unable to effectuate service because, as is the case here, the plaintiff has not provided sufficient information or the defendant is not located where the plaintiff claims he may be found, the plaintiff must seek to remedy the situation or face dismissal. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner did not prove he provided marshal with sufficient information to serve official). As plaintiff's complaint has been pending for almost two years, and he has neither provided sufficient information for the Marshal to serve Mandel nor shown good cause for his failure to do so, the claims against Mandel will be dismissed

without prejudice pursuant to Rule 4(m).[2]

## CONCLUSION

For the foregoing reasons,

1. The claims against defendant Mandel are DISMISSED without prejudice.

2. Defendant Jordan's motion for summary judgment is DENIED.

3. As plaintiff did not file an opposition to the motion for summary judgment or to defendant's prior motion to dismiss, and has not filed anything in this matter after the filing of his complaint nearly two years ago, it is unclear whether he wishes to proceed with the action. Accordingly, within **thirty days** of the date this order is filed, plaintiff shall notify the Court as to whether he intends to prosecute this matter. **Plaintiff is hereby advised that his failure to do so will result in the dismissal of the above-titled action for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

This order terminates Docket No. 27.

IT IS SO ORDERED.

DATED: February 14, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] As noted, at various places in the complaint "Mandel" is referred to as "Mantel" or "Montel". To whatever extent plaintiff wishes to name a Captain Mantel or Montel as a defendant, and then seek service on such defendant, he must do so by amending the complaint in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules of this district.