1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5735
    Fax: (415) 703-5843
8   Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Alice E. Jordan

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| PAUL SANDOVAL, | C 04-1279 MMC (PR) |
| --- | --- |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CAPTAIN MANDEL, et al., | |
| Defendants. | |

Subject to the approval of the Court, the undersigned parties stipulate that the provisions of this protective order shall apply to the confidential materials, described below, that are obtained by Plaintiff's counsel from the California Department of Corrections and Rehabilitation (CDCR), Defendant, or her counsel. Defendant asserts that the materials covered by the protective order have been deemed confidential by the CDCR for safety and security reasons, and have been restricted from general distribution, including, but not limited to inmates, parolees, and the public.

1. This order covers materials which are specifically designated as confidential in the following categories:

Stip. Protective Order Governing Disc. Sensitive Docs. to Pl.  Paul Sandoval v. Mandel, et al.
Case No. C 04-1279 MMC (PR)

1

(a) Documents contained in the central prison file, medical file, or parole files of an inmate or former inmate, with the exception of non-confidential documents contained in Plaintiff's central prison files, medical files, or parole files;

(b) Any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by the CDCR which may be contained in any of the materials produced to Plaintiff's counsel, with the exception of non-confidential personal information regarding Plaintiff. Personal information consists of addresses, telephone numbers, social security numbers, birth dates, names of family members, disciplinary information, gang information, prison classification information and history, and medical or psychiatric records;

(c) Any and all confidential gang affiliation or membership information, including, but not limited to, gang validation documents and debriefing documents;

(d) Information regarding the identity of a confidential informant;

(e) All testimony regarding items (a) through (e);

(f) All motions, exhibits and attachments thereto and hearings regarding items (a) through (e); and

(g) All court testimony regarding items (a) through (e).

2. All or portions of any writing produced to Plaintiff by the CDCR, Defendant, or her counsel, including information falling within one or more of the categories enumerated in Paragraph One (1), as well as any testimony given in this action by the CDCR, Defendant, or her counsel, may be designated confidential material by Defendant's counsel causing such material to be stamped "Confidential Material Pursuant to Protective Order." When a document consists of more than one page, the first page and each page on which confidential information appears will be stamped with this designation. When only a portion of the material contained on a page is deemed confidential, that portion shall be appropriately identified. As set forth below, any failure to stamp appropriate material as confidential shall not operate as a waiver of this claim after the failure is discovered.

3. All documents designated and stamped "Confidential Material Pursuant to Protective Order" and produced by the CDCR, Defendant, or her counsel to Plaintiff's counsel shall be

Stip. Protective Order Governing Disc. Sensitive Docs. to Pl.   Paul Sandoval v. Mandel, et al.
Case No. C 04-1279 MMC (PR)

2

regarded as confidential and subject to this protective order. Such material is referred to as "Confidential Material."

    4. The Confidential Material may be disclosed only to the following persons:

        (a) The Court, court personnel, ADR personnel, stenographic reporters employed by the Court who are involved in proceedings in this action;

        (b) Counsel for Plaintiff;

        (c) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for Plaintiff and designated by counsel for Plaintiff to review or handle such materials;

        (d) Experts or consultants (including jury consultants) retained by counsel for Plaintiff and Defendant for purposes of this action;

        (e) Court reporters;

        (f) Litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers) whose duties and responsibilities require access to Confidential Material; and

        (g) Any other person as to whom the Plaintiff and Defendant in writing agree.

This stipulation is intended to and does preclude counsel for Plaintiff, individuals mentioned in Paragraph Four (4), subsections (a)-(g), or any other person from disclosing Confidential Material to Plaintiff, members of Plaintiff's family, friends, or associates of Plaintiff, or to any other inmate or parolee. Confidential Material may be used in depositions only if, at the time of examination concerning such material, no other individuals other than those to whom Confidential Material may be disclosed are present. Confidential Material may be used during the depositions of Defendant, current or former employees of the CDCR (including medical staff and parole agents), non-CDCR law enforcement employees, and other persons employed at CDCR facilities (with the exception of inmates and parolees).

Except for the Court and counsel for Plaintiff, each such person listed above to whom disclosure of Confidential Material is made shall, prior to the time of disclosure, be provided with a copy of the protective order, and execute a non-disclosure agreement. (*See* attached Non-Disclosure Agreement.) Such persons must consent to be subject to the jurisdiction of the United

Stip. Protective Order Governing Disc. Sensitive Docs. to Pl.        Paul Sandoval v. Mandel, et al.
Case No. C 04-1279 MMC (PR)

3

States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of this protective order. They must additionally agree to maintain Confidential Materials, including copies, notes, or other transcriptions made from the materials, in a secure manner to prevent unauthorized access. Finally, they must agree to return the Confidential Material, including copies, notes, or other transcriptions made from the materials, to counsel for Plaintiff or Defendant within thirty (30) days after the conclusion of this action. Executed non-disclosure agreements shall be retained by counsel for each party, and made available for inspection by opposing counsel upon order of the Court.

If counsel for Plaintiff wishes to disclose Confidential Material to any person not enumerated above in Paragraph Four (4), subsections (a)-(g), counsel for Plaintiff must file a motion under the Local Rules of this Court, which motion shall include an identification of the person to whom the disclosure would be made and shall attach a copy of the Non-Disclosure Agreement signed by said person. The disclosure of Confidential Material to any person not enumerated in Paragraph Four (4), subsections (a)-(g), shall be withheld pending the ruling of the Court on any such motion. In the pretrial statement, each party shall submit a statement concerning the use of confidential material at trial, and proposed procedures appropriate for limiting dissemination of such material.

5. Any personal information of Defendant, including but not limited to social security numbers, home telephone numbers, personal cellular phone numbers, and home addresses, but not including names, job titles, and workplace addresses or workplace telephone numbers, shall be redacted from all discovery regardless of its confidential status.

6. No person who has been afforded access to Confidential Material under this stipulation shall disclose or discuss the Confidential Material except as is necessary to the prosecution, defense, or settlement of this litigation, and then only in accordance with Paragraph Four (4) of this order.

7. If Plaintiff's counsel seeks to depose, interview, or otherwise contact any confidential informant or other inmate or parolee whose name appears on any documents stamped "Confidential Pursuant to Protective Order," Plaintiff's counsel must secure the written

Stip. Protective Order Governing Disc. Sensitive Docs. to Pl.   Paul Sandoval v. Mandel, et al.
Case No. C 04-1279 MMC (PR)

4

agreement of Defendant's counsel or further order from the court.

8. Counsel for Plaintiff, his legal assistants, experts, and consultants shall not make copies of the Confidential Material obtained by them, except as is necessary for purposes of this litigation. Counsel for Plaintiff will maintain control over all Confidential Material and copies obtained by him.

9. Unless counsel otherwise agree in writing, when Confidential Material, including any portion of a deposition transcript designated as confidential in accordance with the procedure set forth in Paragraph Four (4), is included in any papers to be filed in Court, the party seeking to file such papers shall file a Motion to File Under Seal in accordance with and to the extent allowable by the Northern District of California Civil Local Rule 79-5, and lodge such papers with the Clerk as required under Northern District of California Civil Local Rule 79-5.

10. All Confidential Material obtained by counsel for Plaintiff shall be used solely in connection with this litigation or a related appellate proceeding, and not for any other purpose.

11. No later than thirty (30) days after the conclusion of the trial and any appeal, or upon other termination of this litigation, all Confidential Material obtained by counsel for Plaintiff, and all copies of such materials, shall be destroyed or returned to counsel for Defendants. Counsel for Plaintiff shall so confirm the destruction in writing to Defendant's counsel.

12. The limitations on access to Confidential Material contained in the foregoing provisions of this order do not apply to Defendant, her counsel, employees, or representatives. Nothing in this protective order is intended to prevent officials or employees of the State of California or other authorized governmental officials from having ordinary and usual access to Confidential Material to which they would have access in the normal course of their official duties. Neither the filing with the Court of motions, exhibits, or attachments containing personal or otherwise confidential information about any individual Defendant nor the service on Defendant's counsel of such motions, exhibits, or attachments, shall be deemed to constitute disclosing Confidential Material to any individual Defendant in violation of the terms of this Protective Order.

Stip. Protective Order Governing Disc. Sensitive Docs. to Pl.   Paul Sandoval v. Mandel, et al.
Case No. C 04-1279 MMC (PR)

5

13. This agreement is not intended to be a waiver of any privilege, right, or grounds for objection in discovery proceedings, or to preclude introducing the document or item into evidence at the time of arbitration, mediation, or trial.

14. The provisions of this protective order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any documents; (c) to object to a discovery request; (d) to apply to the Court for an order compelling production of documents; or (e) to apply to the Court for a modification of this order, or for any order permitting disclosure of Confidential Material beyond the terms of this order.

15. This protective order shall govern all aspects of this case and all appellate proceedings (except as set forth in Paragraph Twelve (12)), except that the Court will address requests for the use of confidential materials at trial, and institute appropriate procedures to govern the use of confidential materials at trial.

16. The provisions of this order shall remain in force and effect until further order of this Court.

17. Should Plaintiff's counsel, or any individual mentioned in Paragraph Four (4) of this Order, fail to comply with any provisions of this protective order, the Court may, in its discretion, impose sanctions on the appropriate party including, but not limited to, those applicable as listed in Federal Rule of Civil Procedure 37(b)(2).

SO STIPULATED:

DATED: 12/26/07

WILLIAM N. HEBERT, Esq.
Attorney for Plaintiff Michael P. Sandoval

DATED: 12/26/07

DANIELLE F. O'BANNON
Deputy Attorney General
Attorney for Defendant Alice Jordan

APPROVED AND SO ORDERED:

DATED: December 27, 2007

The Honorable Maxine M. Chesney
United States District Court Judge

Stip. Protective Order Governing Disc. Sensitive Docs. to Pl.

Paul Sandoval v. Mandel, et al.
Case No. C 04-1279 MMC (PR)

6