IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL SANDOVAL,

Plaintiff,

v.

CAPTAIN MANDEL, et al.,

Defendants

_______________________________________/

No. C-04-1279 MMC

**ORDER GRANTING DEFENDANT JORDAN'S MOTION FOR RECONSIDERATION; DISMISSING COMPLAINT; VACATING HEARING**

Before the Court is the motion, filed February 15, 2008 by defendant Sergeant Jordan ("Jordan"), for reconsideration of the Court's order denying her motion to dismiss, based on an intervening change of law. Plaintiff has filed opposition, to which Jordan has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the March 21, 2008 hearing on the matter, and rules as follows.

Plaintiff, a California prisoner, alleges defendants Captain Mandel ("Mandel") and Jordan, two correctional officers at Salinas Valley State Prison, failed to protect him from an attack by other inmates.[1] Plaintiff alleges that on March 15, 2002, his foster brother Gabriel

[1] Mandel was not served and, on February 14, 2006, plaintiff's claim against Mandel was dismissed without prejudice.

Candia ("Candia") was attacked and stabbed by other inmates. According to the complaint, Candia warned Mandel and Jordan, as well as four other prison guards, that the inmates were going to attack plaintiff as well; Candia also allegedly asked defendants to provide plaintiff with protection. Plaintiff alleges that defendants did not provide him with protection and that, on June 25, 2002, several inmates stabbed him in the face and throat while he was playing cards in the prison yard.

On October 20, 2002, plaintiff filed a grievance, which was subsequently denied as untimely, under prison regulations requiring that grievances be filed within 15 days of the incident. Plaintiff's first administrative appeal was not sustained; plaintiff's second and third administrative appeals were rejected on the ground that the original grievance was untimely.

On April 1, 2004, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. On January 31, 2005, Jordan moved to dismiss the action on the ground that plaintiff failed to exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because plaintiff's administrative appeals were rejected based on the untimeliness of the original grievance. On April 18, 2005, the Court denied the motion, relying on Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), in which the Ninth Circuit held the PLRA's exhaustion requirement is satisfied where an inmate's administrative appeals have been denied as time-barred and no further level of appeal remains in the state prison's appeal process.

Thereafter, the United States Supreme Court reversed Ngo on that issue, and, in so ruling, held the PLRA requires "proper" exhaustion, and that such requirement is not satisfied by an untimely administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006). By the instant motion, Jordan moves for reconsideration based on said change of law. In response, plaintiff does not dispute that he has failed to exhaust his administrative remedies under the Supreme Court's holding in Woodford; rather, plaintiff opposes Jordan's motion on the ground that Jordan's motion is untimely under Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff's contention that the motion is untimely under Rule 60(b) is misplaced. Jordan's motion is brought under Rule 54(b), which governs reconsideration of orders of the type at issue herein, and permits revision of such order "at any time" prior to entry of judgment as to all claims and all parties. See Fed.R.Civ.P. 54(b) (providing "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); see also Interstate Power Co. v. Kansas City Power &Light Co., 992 F.2d 804, 807 (8th Cir. 1993) (distinguishing Rule 60(b) as applying to "final judgment[s]"; holding Rule 54(b) governs reconsideration of "non-final" summary judgment order).[2]

Accordingly, defendant's motion for reconsideration is hereby GRANTED and the complaint is hereby DISMISSED for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated: March 17, 2008

MAXINE M. CHESNEY
United States District Judge

[2] The Court acknowledges the time and resources plaintiff's appointed counsel has expended in prosecuting the action during the period subsequent to the Supreme Court's ruling in Woodford. (See Decl. of William N. Herbert in Support of Pl.'s Opp'n ¶ 10.) Such considerations, however, do not alter the above analysis.